IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| GINGER APPLER SWAIN, | 6:14-CV-01113-BR |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| CAROLYN W. COLVIN, Acting Commissioner, Social Security Administration, | |
| Defendant. | |

TIM WILBORN
Wilborn Law Office, P.C.
P.O. Box 370578
Las Vegas, NV 89137
(702) 240-0184

    Attorney for Plaintiff

**Billy J. Williams**
Acting United States Attorney
**RONALD K. SILVER**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2902
(503) 727-1003

1 - OPINION AND ORDER

**DAVID MORADO**
Regional chief Counsel
**COURTNEY GARCIA**
Special Assistant United States Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900, M/S 221A
Seattle, WA 98104-7075
(206) 615-2934

Attorneys for Defendant

**BROWN, Judge.**

Plaintiff Ginger Appler Swain seeks judicial review of a final decision of the Commissioner of the Social Security Administration (SSA) in which she denied Plaintiff's applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) under Titles II and XVI of the Social Security Act. This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

Following a review of the record, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.

## ADMINISTRATIVE HISTORY

Plaintiff filed her applications on March 16, 2010, and alleged a disability onset date of January 31, 2010. Tr. 192.[1] The applications were denied initially and on reconsideration. An Administrative Law Judge (ALJ) held a hearing on January 12,

---

[1] Citations to the official transcript of record filed by the Commissioner on November 18, 2014, are referred to as "Tr."

2 - OPINION AND ORDER

2012. Tr. 45-79. At the hearing Plaintiff was represented by an attorney. Plaintiff and a vocational expert (VE) testified.

The ALJ issued a decision on October 25, 2012, in which he found Plaintiff was not disabled. Tr. 20-33. That decision became the final decision of the Commissioner on May 13, 2014, when the Appeals Council denied Plaintiff's request for review. Tr. 1-5. See Sims v. Apfel, 530 U.S. 103, 106-07 (2000).

On July 11, 2014, Plaintiff filed a Complaint in this Court seeking review of the Commissioner's decision.

## BACKGROUND

Plaintiff was born on February 1, 1969, and was 41 years old on her alleged onset date. She completed the sixth grade. Tr. 50. Plaintiff has past relevant work experience as a caregiver, a cashier, and a prep cook. Tr. 52-53.

Plaintiff alleges disability due to "webbed fingers since birth, psoriasis in all joints, bursitis, [and] osteo-arthritis." Tr. 234.

## STANDARDS

The initial burden of proof rests on the claimant to establish disability. Molina v. Astrue, 674 F.3d 1104, 1110 (9th Cir. 2012). To meet this burden, a claimant must demonstrate her inability "to engage in any substantial gainful activity by

3 - OPINION AND ORDER

reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).  The ALJ must develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence.  *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d 453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole.  42 U.S.C. § 405(g).  *See also Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012).  Substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion."  *Molina*, 674 F.3d. at 1110-11 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)).  It is more than a mere scintilla [of evidence] but less than a preponderance.  *Id.* (citing *Valentine*, 574 F.3d at 690).

The ALJ is responsible for determining credibility, resolving conflicts in the medical evidence, and resolving ambiguities.  *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009).  The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision.  *Ryan v.*

4 - OPINION AND ORDER

*Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). Even when the evidence is susceptible to more than one rational interpretation, the court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record. *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012). The court may not substitute its judgment for that of the Commissioner. *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## DISABILITY ANALYSIS

Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act. *Keyser v. Comm'r of Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011). *See also Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007); 20 C.F.R. §§ 404.1520, 416.920. Each step is potentially dispositive.

At Step One the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I). *See also Keyser*, 648 F.3d at 724.

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments. *Stout v. Comm'r Soc. Sec Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006). *See also* 20

5 - OPINION AND ORDER

C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); *Keyser*, 648 F.3d at 724.

At Step Three the Commissioner must determine whether a claimant's impairments meet or equal one of the listed impairments and are so severe that they preclude substantial gainful activity. The claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of the listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). *See also Keyser*, 648 F.3d at 724. The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, she must assess the claimant's residual functional capacity (RFC). The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite her limitations. 20 C.F.R. §§ 404.1520(e), 416.920(e). *See also* Social Security Ruling (SSR) 96-8p. "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule." SSR 96-8p, at *1. In other words, the Social Security Act does not require complete incapacity to be disabled. *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair*

6 - OPINION AND ORDER

*v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)).  The assessment of a claimant's RFC is at the heart of Steps Four and Five of the sequential analysis when the ALJ is determining whether a claimant can still work despite severe medical impairments.  An improper evaluation of the claimant's ability to perform specific work-related functions "could make the difference between a finding of 'disabled' and 'not disabled.'"  SSR 96-8p, at *4.

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work he has done in the past.  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).  *See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, she must determine whether the claimant is able to do any other work that exists in the national economy.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  *See also Keyser*, 648 F.3d at 724-25.  Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform.  *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).  The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2.  If the Commissioner meets this burden, the claimant is not disabled.  20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

## ALJ'S FINDINGS

At Step One the ALJ found Plaintiff has engaged in substantial gainful activity (SGA) since her January 31, 2010, onset date. Tr. 22. Although the ALJ noted Plaintiff's earnings were above the SGA level during some months of the relevant period, Plaintiff's average monthly earnings were just below SGA levels.

At Step Two the ALJ found Plaintiff had severe impairments including bilateral congenital hand deformities ("status post childhood surgical repair"), psoriasis, psoriatic arthritis, osteoarthritis, nonobstructive coronary artery disease, hypertension, bilateral hip pain, obesity, eczema, hyperlipidemia, and degenerative disc disease of the cervical and lumbar spine. Tr. 23.

At Step Three the ALJ found Plaintiff's impairments do not meet or equal any listed impairment. Tr. 24. The ALJ found Plaintiff has the RFC to perform less than a full range of light work and can lift or carry ten pounds frequently and twenty pounds occasionally, can sit for six hours during a normal eight-hour work day, with normal breaks, and can stand or walk for about two hours during a normal eight-hour work day. She can frequently climb ramps and stairs, balance, kneel, and crouch.

8 - OPINION AND ORDER

She can occasionally stoop and crawl. She cannot climb ladders, ropes or scaffolds. She is able to handle and finger bilaterally frequently, but she needs to avoid concentrated exposure to workplace hazards such as unprotected heights and unguarded moving machinery. Tr. 25.

At Step Four the ALJ found Plaintiff is unable to perform any of her past relevant work. Tr. 31.

At Step Five the ALJ found Plaintiff is able to perform work that exists in significant numbers in the national economy such as electronics worker, cashier, and storage-facility clerk. Tr. 32.

## DISCUSSION

Plaintiff contends the ALJ erred by (1) improperly rejecting portions of the medical opinions of examining physician Raymond P. Nolan, M.D., Ph.D., and treating physician Jennifer Ranton, M.D.; (2) improperly rejecting lay-witness testimony; (3) improperly finding at Step Five that Plaintiff is able to perform light work; and (4) failing to find that Plaintiff's occupational base is significantly eroded.

**I. The ALJ did not err when weighing the medical evidence.**

Disability opinions are reserved for the Commissioner. 20 C.F.R. §§ 404.1527(e)(1); 416.927(e)(1). If there is not a conflict between medical source opinions, the ALJ generally must

accord greater weight to the opinion of a treating physician than to the opinion of an examining physician because the treating physician has a greater opportunity to know and to observe the patient as an individual. *Orn v. Astrue,* 495 F.3d 625, 632 (9th Cir. 2007). *See also Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Similarly, the ALJ also must give greater weight to the opinion of an examining physician than to the opinion of a reviewing physician. *Id.* The ALJ may not reject a physician's contradicted opinion without providing specific and legitimate reasons supported by substantial evidence in the record for doing so. *Orn,* 495 F.3d at 632; *Widmark,* 454 F.3d at 1066. If a treating or examining physician's opinion is not contradicted by another physician, the ALJ may only reject it for clear and convincing reasons. *Id.* (treating physician); *Widmark v. Barnhart,* 454 F.3d 1063, 1067 (9th Cir. 2006)(examining physician). The opinion of a nonexamining physician by itself is insufficient to constitute substantial evidence for rejecting the opinion of a treating or examining physician. *Widmark,* 454 F.3d at 1066 n. 2.

The ALJ may reject physician opinions that are "brief, conclusory, and inadequately supported by clinical findings." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).

### A.  Opinion of Dr. Nolan, Examining Physician

Dr. Nolan examined Plaintiff on August 7, 2010. Tr. 315-

10 - OPINION AND ORDER

16. He found Plaintiff "certainly would have difficulty with repetitive hand/finger activities in reference to the metacarpal phalangeal complaints." Tr. 316. Dr. Nolan found Plaintiff is able to sit for six hours in an eight-hour day and to walk or to stand for two hours in an eight-hour day. *Id.* Dr. Nolan found Plaintiff could frequently lift or carry up to ten pounds and lift or carry 20 pounds occasionally.

An ALJ may discount a medical source opinion to the extent that it conflicts with the claimant's activities. *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 601-02 (9th Cir. 1999). Here the ALJ gave "limited weight" to Dr. Nolan's opinion on the ground that Plaintiff worked after her alleged onset date for nine out of 20 months at SGA levels at a medium-exertion level job that required frequent handling, fingering and feeling. Tr. 31. The ALJ incorporated Dr. Nolan's restrictions in Plaintiff's RFC except for the limitation regarding repetitive hand/finger activities.

Plaintiff contends the ALJ erred by assuming Plaintiff performed her caregiver job with "frequent" manipulative activities as the job is classified in the *Dictionary of Occupational Titles (DOT)*[2]. Plaintiff, however, contends her caregiver job as she actually performed it did not require

---

[2] *Dictionary of Occupational Titles* App'x C (4th ed. 1991)(available at 1991 WL 688702).

11 - OPINION AND ORDER

abilities in excess of those described by Dr. Nolan, specifically as to Plaintiff's ability to manipulate.

Social Security Regulations identify two sources of information that may be used to define a claimant's past relevant work as actually performed: a properly completed vocational report (SSR 82-61) and the claimant's own testimony (SSR 82-41). *See also Pinto v. Massanari,* 249 F.3d 840, 845 (9th Cir. 2001).

In support of her position Plaintiff points to letters submitted by her co-workers in which they assert Plaintiff "gets sent home due to pain, bloating and emotional upheaval"; "she has been sent home for the pain she endures"; "she bloats up, can't bend due to pain"; and she "can't perform [job duties like helping residents shower and change] as needed." Tr. 282-83. Co-workers also note Plaintiff is in pain "due to her hips," she "has stomach issues where her stomach is bloated and has a very hard time walking, bending over and lifting at times"; and "[h]er ankles and legs swell . . . [and she] is unable to walk." Tr. 284-85. None of Plaintiff's co-workers, however, indicate Plaintiff has significant manipulative limitations.

The Commissioner specifically points to the April 2010 Work History Report in which Plaintiff describes her caregiver job as requiring eight hours a day of "handle, grab or grasp big objects" and eight hours a day of "write, type or handle small objects." Tr. 242. Plaintiff describes the job as "cook [,]

provide activities of daily living [,] shower [,] pass medication . . . answer phones [,] call family member, set up appointment[,] work with hospice." Tr. 242. Thus, based on Plaintiff's self-completed vocational report, she performed the caregiver job at a heavy level with several hours of gross- and fine-hand manipulation. Tr. 242.

On this record the Court concludes the ALJ did not err when he rejected part of Dr. Nolan's opinion because the ALJ provided legally sufficient reasons supported by substantial evidence in the record for doing so.

### B. Opinion of Dr. Ranton, Treating Physician

In May 2012 Dr. Ranton completed a Residual Functional Capacity Report in which she stated she had been Plaintiff's treating physician since 2007. Tr. 561. Dr. Ranton opined Plaintiff could sit up to six hours and stand or walk up to two hours in an eight-hour work day. Tr. 563. Dr. Ranton reported Plaintiff suffers chronic pain "but probably not as severely as she describes and arthritis alone cannot explain all of her complaints." Tr. 562. Dr. Ranton opined Plaintiff suffered bilateral ankle and foot pain, most likely due to alcoholic peripheral neuropathy, with congenital joint deformities in both hands and bilateral hip pain. Tr. 562. Dr. Ranton concluded Plaintiff's lower-extremity complaints (below her hips) were primarily nocturnal and would not limit her ability to work, but

she "would have difficulty with repetitive hand and finger activities." Tr. 562. Dr. Ranton opined Plaintiff could handle, feel, and grasp occasionally, but never finger. Tr. 30, 564.

Dr. Ranton attached to her opinion the December 2008 report of examining rheumatologist William P. Maier, M.D. Tr. 559-60. Dr. Maier found Plaintiff has good grip and fist capabilities, good range of motion of elbows, shoulders, spine, hips, and knees, and "relatively mild psoriatic arthritis involving small joints of the hands." Tr. 560.

The ALJ may discredit physician opinions that are conclusory, brief, and unsupported by the record or objective medical findings. *Batson v. Comm'r of the Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004). Here the ALJ noted the limitations included in Dr. Ranton's report were contradicted by Plaintiff's demonstrated ability to continue working at nearly substantial gainful activity levels at a strenuous job that Plaintiff described as requiring frequent to constant hand and finger manipulation. Tr. 30. *See Morgan*, 169 F.3d at 601-02. The ALJ also noted a recent hand x-ray did not show any significant degenerative changes. Tr. 31.

On this record the Court concludes the ALJ did not err when he rejected part of Dr. Ranton's opinion because the ALJ provided legally sufficient reasons supported by substantial evidence in the record for doing so.

14 - OPINION AND ORDER

**II.  Lay-Witness Testimony**

The ALJ has a duty to consider lay-witness testimony.  20 C.F.R. §§ 404.1513(d), 404.1545(a)(3), 416.945(a)(3), 416.913(d). *See also Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001). Friends and family members in a position to observe the claimant's symptoms and daily activities are competent to testify regarding the claimant's condition.  *Dodrill v. Shalala*, 12 F.3d 915, 918-19 (9th Cir. 1993).  *See also Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1053 (9th Cir. 2006).  The ALJ may not reject such testimony without comment and must give reasons germane to the witness for rejecting her testimony.  *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996).  Inconsistency with the medical evidence may constitute a germane reason.  *Lewis*, 236 F.3d at 512.  The ALJ may also reject lay testimony when it repeats the limitations expressed in the claimant's testimony and/or reports that the ALJ properly found were not credible. *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009).  Here, therefore, the reasons the ALJ provided for rejecting Plaintiff's testimony apply equally to the reports from Plaintiff's coworkers.  *See id.* at 694.  The Court notes Plaintiff does not contest the ALJ's finding that Plaintiff's testimony was not fully credible as to her symptoms and limitations.  Tr. 28.

The ALJ also noted the lay testimony was inconsistent with

15 - OPINION AND ORDER

the medical evidence, which is a germane reason to reject lay testimony. *Bayliss v. Barnhart,* 427 F.3d 1211, 1218 (9th Cir. 2005). The ALJ noted Plaintiff's x-rays were relatively benign. Tr. 26-27. Although Plaintiff had generalized pain in her hips, knees, and ankles, the pain improved with walking and moving around. Tr. 27, 519. Dr. Nolan described Plaintiff's normal gait and her ability to walk, to hop, and to squat without problem. Tr. 27, 315.

On this record the Court concludes the ALJ did not err when he gave only some weight to the lay-witness statements because the ALJ provided legally sufficient reasons supported by substantial evidence in the record for doing so.

### III. The ALJ did not err at Step Five.

At Step Five in the sequential analysis the ALJ determines whether the claimant can perform work in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.(a)(4)(v). The ALJ may take administrative notice of the occupational data contained in the *DOT* or draw on a VE's testimony to show that a claimant can perform work in the national economy. 20 C.F.R. §§ 404.1566(d-e), 416.966(d-e). The decision to use a VE is reserved for the Commissioner. 20 C.F.R. §§ 404.1566(e), 416.966(e).

The ALJ's questions to the VE must include all properly supported limitations (*Osenbrock v. Apfel,* 240 F.3d 1157, 1165

16 - OPINION AND ORDER

(9th Cir. 2001)), and the ALJ must ask the VE whether her testimony is consistent with the *DOT* (*Massachi v. Astrue*, 486 F.3d 1149, 1153 (9th Cir. 2007)). The ALJ's failure to inquire is harmless if the VE "provided sufficient support for her conclusion so as to justify any potential conflicts" with the DOT or if a conflict does not arise. *Id.* at 1153 n.19.

The ALJ may rely on VE testimony rather than the *DOT* when the issue is "complex" (20 C.F.R. §§ 404.1566(e), 416.966(e)) or when "the record contains persuasive evidence to support the deviation." (*Johnson v. Shalala*, 60 F.3d 1428, 1435 (9th Cir. 1995)). *See also Tommasetti v. Astrue,* 533 F.3d 1035, 1042 (9th Cir. 2008). Such evidence includes available job data and a claimant's specific limitations. When "a claimant's exertional limitation falls between two grid rules, the ALJ fulfills his obligation to determine the claimant's occupational base by consulting a vocational expert regarding whether a person with claimant's profile could perform substantial gainful work in the economy." *Moore v. Apfel,* 216 F.3d 864, 870-71 (9th Cir. 2000). When there is a conflict between the VE's testimony and the *DOT*, however, the ALJ must elicit a reasonable explanation for the conflict before relying on the VE's testimony. SSR 00-4p.

Plaintiff contends the ALJ erred when he found Plaintiff is able to stand or to walk for two hours during a normal eight-hour work day and then found Plaintiff could perform jobs in unskilled

17 - OPINION AND ORDER

light occupations including electronics worker, cashier, and storage-facility clerk. Plaintiff cites SSR 83-10, which defines the full range of light work as requiring standing or walking for a total of approximately six hours in an eight-hour work day. Thus, Plaintiff contends she is limited to sedentary work.

Here the ALJ asked the VE whether a person with Plaintiff's limitations of standing or walking for no more than two hours would be able to perform the jobs of cashier II, electronics worker, and storage-facility clerk. Tr. 76. The VE responded Plaintiff would still be able to perform these jobs, but "I would however reduce the numbers on cashier to allow for a little more of a sit, stand ability there." Id. Accordingly, the VE reduced the number of cashier II positions by 50% to approximately 1,710,000 nationally and 17,840 regionally on the basis that 50% of cashier II jobs are performed with limited standing and walking. Tr. 76.

Even if the VE did not adequately explain how Plaintiff could perform the electronics worker and storage-facility clerk positions with limited standing and walking, the VE, as noted, provided an explanation for the cashier II job by reducing the number of available jobs by 50% to accommodate Plaintiff's limitations in standing and walking on the basis that 50% of cashier II jobs are performed with limited standing and walking. Tr. 76. The cashier II jobs alone constitute a sufficient number

18 - OPINION AND ORDER

of jobs available in the national economy, and, therefore, any error by the ALJ at Step Five was harmless. *See Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007).

### IV. Plaintiff's Occupational Base

SSR 96-9p provides "significant manipulative limitations" will result in substantial erosion of the claimant's unskilled sedentary occupational base. Thus, Plaintiff argues her occupational base is significantly eroded because her RFC is properly categorized as "sedentary." Plaintiff asserts under SSR 96-9P, therefore, she is disabled. Plaintiff's argument fails, however, because the ALJ properly gave little weight to Dr. Ranton's opinion regarding Plaintiff's manipulative limitations, and therefore, SSR 96-9p does not apply. As noted, the ALJ's determination of this issue is supported by substantial evidence in the record.

### CONCLUSION

For these reasons, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.

IT IS SO ORDERED.

DATED this 27th day of August, 2015.

_____
ANNA J. BROWN
United States District Judge